**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JAMES E. HORVATH**                                                                                          **PLAINTIFF**

**V.**                                 **No.  4:06-CV-00011 GTE**

**KNIGHT & WILSON, INC.**                                                             **DEFENDANT**

## ORDER DENYING SUBJECT MATTER JURISDICTION AND REMANDING ACTION BACK TO STATE COURT

The Court raised the issue of subject matter jurisdiction *sua sponte*. *Boatmen's First Nat'l Bank of Kansas City v. Kan. Pub. Employees Ret. Sys.*, 57 F.3d 638, 640 n. 4 (8th Cir. 1995). The Defendant now acknowledges that Plaintiff's Complaint does not arise under the National Labor Relations Act, as it contended when it removed the case to federal court. Defendant, however, contends that the Court may continue to exercise jurisdiction over the action based upon diversity jurisdiction. The Court must determine whether it may properly exercise diversity subject matter jurisdiction in this case. For the reasons stated below, it concludes that jurisdiction is lacking.

Plaintiff, in responding to the Court's directive to provide additional information regarding the nature of his claims, indicates that he "prefers federal jurisdiction" over a remand back to state court. The fact that both parties would prefer a federal forum is irrelevant to the analysis of whether in fact subject matter jurisdiction exists. The parties may not consent to subject matter jurisdiction. Federal courts are courts of limited jurisdiction and this Court is

1

obligated to confine its jurisdiction to those case which it is authorized to hear.

Diversity is undisputed, but a serious issue exists regarding whether the amount in controversy amount is satisfied.  Plaintiff's original Complaint involves a breach of contract type claim arising from an alleged hourly pay shortfall of $2.00 an hour for a period of 18 days.  Assuming an eight-hour work day, this allegation equates to a gross pay shortfall of approximately $288.00.  In responding to the Court's request for additional information, Plaintiff attempts to increase the value of his claim by asserting that the loss of his job, which he contends should have lasted for approximately 8 months, caused him to sustain lost income of approximately $20,000.  This claim, however, may only succeed if Plaintiff prevails on his claim that he was wrongfully discharged.  This seems unlikely.  Arkansas is an at-will employment state.  An employer may fire an employee for any reason at all other than a legally prohibited reason.  The Court assumes for jurisdictional purposes, however, that Plaintiff will so prevail.  Assuming he does, the claimed $20,000 in compensatory damages still falls considerably short of the jurisdictional threshold amount of $75,000.

Plaintiff further contends that he should recover punitive damages.  It appears to a legal certainty, however, that Plaintiff will not be able to recover punitive damages in connection with his breach of contract claim.  Punitive damages are not ordinarily permitted for breach of contract claims.  *L.L. Cole & Son, Inc. v. Hickman*, 282 Ark. 6, 665 S.W.2d 622 (1983).  In an additional effort to support a punitive damage claim, Plaintiff claims for the first time in his recent response that the Defendant committed an unspecified "intentional tort" which should justify additional damages.  Plaintiff's new tort claim is based upon his contention that the Defendant maliciously caused him to suffer additional economic loss "by reporting falsely that he had quit or been fired"

in connection with the Plaintiff's application for employment security benefits. Plaintiff ultimately recovered unemployment benefits, but was without such benefits for a six week period as a result of Defendant contesting the claim. (Pl's Response at pp. 10-11, Doc. No. 16).

The Court further concludes to a legal certainty that this latest theory will not permit Plaintiff to recover either tort or punitive damages. It has been held that an at-will employee cannot predicate a tort of outrage claim on the fact that he was discharged or upon the fact that an employer wrongfully opposed an application for unemployment benefits. *Curd v. Hank's Discount Fine Furniture, Inc.*, 272 F.3d 1039 (8th Cir. 2001).

"The district court has subject matter jurisdiction when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than \$75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Because it "appears to a legal certainty that [Plaintiff's] claim is really for less than the jurisdictional amount," the Court concludes that this case must be remanded back to the state court from which it was removed. *Kopp*, 280 at 884.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED, on the Court's own initiative, that this case shall be, and it is hereby, REMANDED for lack of subject matter jurisdiction. The Clerk of the Court is hereby directed to transfer the case back to the state court from which it was removed.

IT IS SO ORDERED this 28th day of March, 2006.

       /s/Garnett Thomas Eisele
      UNITED STATES DISTRICT JUDGE